## MICHAEL R. DINAN, Appellant, v. WILLIAM CONEYS AND HANNAH CONEYS, Respondents.

*Counter claim of a legacy in an action for the possession of land charged with its payment — form of the judgment.*

In an action brought to recover the possession of land, the title to which is claimed by the plaintiff, as devisee thereof in a will, the defendant may set up the amount of a legacy given to her by the same will, charged upon the land which is the subject matter of the action. (Code of Civil Pro., § 501.) (DYKMAN, J., dissenting.)

When the judgment in such an action is in favor of the plaintiff for the recovery of the land, and for the defendant for the amount of the legacy, it should provide for the appointment of a referee to sell the land, and out of the proceeds to pay the legacy to the defendant and the balance to the plaintiff.

APPEAL by the plaintiff, Michael R. Dinan, from a judgment of the Supreme Court, entered in the office of the clerk of Rockland county on the 8th day of August, 1892, on the report of a referee, in an action brought to recover the possession of certain real estate.

The separate answer of the defendant, Hannah Coneys, is as follows :

The separate answer of Hannah Coneys, one of the defendants in this action, to the complaint of the plaintiff, respectfully shows to the court :

*First.* That this defendant, Hannah Coneys, is a daughter of Daniel Dinan, deceased, mentioned in said complaint, and that in and by his last will and testament in the said complaint mentioned, he, the said Daniel Dinan, deceased, in the same clause of this said will, in which the premises described in the complaint are devised to the plaintiff, she was and is entitled to the sum of three hundred dollars, as provided in said will, as follows :

" He (the plaintiff meaning), being bound to pay to my daughter Hannah (the defendant, Hannah Coneys, meaning) or her heirs the sum of three hundred dollars for her kindness in taking care of her mother in her last illness, which sum I expressly charge on the property herein bequeathed or devised to him " (the said plaintiff meaning).

*Second.* That the said plaintiff has never paid to this defendant, the said Hannah Coneys, the said last-mentioned sum or any part thereof, and is now indebted to this defendant, Hannah Coneys,

for the same, and said sum has been, and now is, a charge on the premises described in the said complaint, and this defendant denies that she unlawfully withholds possession of said premises from the plaintiff, and claims to be entitled to a judgment against the plaintiff in this action for the said sum of three hundred dollars, with interest from the 28th day of February, 1883, with the costs and disbursements in this action.

*Snider & Hopper*, for the appellant.

*A. & A. X. Fallon*, for the respondents.

BARNARD, P. J. :

Daniel R. Dinan devised a parcel of real estate, situate in Rockland county, to his son the plaintiff. He gave the sum of $300 to the defendant Hannah Coneys and made the same a charge on the land. The defendants have occupied the land since the testator's death in 1883. The plaintiff seeks to recover possession of the land. The defendant, William Coneys, avers that he has a claim for repairs made at plaintiff's request. The defendant, Hannah Coneys, sets up the bequest and its charge upon the lands, and asks judgment for its recovery of the plaintiff. The claim for repairs was rejected on the trial. No proof was given to show the payment of the $300 or of any part of it. The referee gave judgment for the recovery of the land by the plaintiff, and for a judgment for the bequest with interest in favor of Hannah Coneys against the plaintiff.

By section 501 of the Code a defendant may set up a cause of action connected with the subject of the action. The subject of the action is the real estate in question. One party seeks possession and the other seeks to recover the amount of a lien she has on the property created by the instrument which gave the title to the plaintiff. (*The G. & H. Mfg. Co.* v. *Hall*, 61 N. Y., 226.)

The judgment did not go far enough. There should have been appointed a referee to sell the land, and out of the proceeds to pay the legacy, and, after payment of the same, to pay over the balance to the plaintiff.

The judgment should be modified in this respect, and, as modified, affirmed, with costs.

PRATT, J., concurred.

DYKMAN, J. (dissenting):

This case presents some unusual features. The action is for the recovery of real property in Rockland county, formerly owned by Daniel Dinan, the father of the plaintiff and the defendant, Hannah Coneys, who is the wife of the defendant, William Coneys. Daniel Dinan died in the year 1883, seized and possessed of the property, leaving a last will and testament, by which he devised the same to the plaintiff, and gave to the defendant, Hannah Coneys, a legacy of $300, which he charged upon the land. The defendants went into possession of the premises after the death of the testator, and were in possession at the time of the commencement of this action. The defendants answered separately.

William Coneys said in his answer that he had expended large sums of money in the reparation of the buildings upon the premises, with the knowledge, permission and consent of the plaintiff, amounting to $1,175, for which he demanded judgment against the plaintiff. The defendant, Hannah Coneys, set up her legacy and demanded judgment therefor, with interest.

The plaintiff served a reply to the answer of Hannah Coneys, in which he admitted the claim, but said that she remained upon and occupied the premises under an understanding that the value of the use and occupation and the rents collected should be applied to the payment and satisfaction of the legacy, and charged that the value of the use and the rents received exceeded the amount of the legacy, and that the same was thereby paid and discharged.

The cause was referred to a referee to hear and determine, and upon the trial the plaintiff proved that he was the son to whom the property was devised, the death of his father, the possession of the defendants, and then offered the will in evidence and rested. He made no effort to prove the agreement set up in his reply for the satisfaction of the legacy of his sister.

The defendant, William Coneys, then undertook to prove the repairs he had made to the buildings on the premises, but the testimony was all excluded upon the plaintiff's objection. The interest upon the legacy of Hannah Coneys was computed and the testimony was closed.

The referee reported in favor of the plaintiff for the recovery of the premises, and in favor of the defendant, Hannah Coneys, for

$447.45. Judgment has been entered accordingly in favor of the plaintiff against the defendants for the recovery of the premises, and in favor of the defendant, Hannah Coneys, against the plaintiff for $447.45. From that judgment the plaintiff alone has appealed, but he only seeks to reverse the money judgment against him. The defendant, William Coneys, has not appealed, and, therefore, we cannot examine the rejection of his claim by the referee. The sole question, therefore, for our determination upon this appeal is whether the referee committed an error in allowing the defendant, Hannah Coneys, to recover her legacy against the plaintiff in this action.

In the first place it was not set up and could not be allowed as a counter-claim. The plaintiff was entitled to the possession of the premises, and this was an action at law for their recovery. No counter-claim could reduce his recovery, and the claim interposed against him was not designed to work such reduction. It was an independent demand, and at most constituted a legal cause of action. In the next place no action at law could be maintained against the plaintiff for the amount of the legacy without an express promise to pay, and no such promise was set up or proven.

No personal obligation ever rested upon the plaintiff for the payment of the legacy. He could refuse to accept the devise and leave the legatee to her remedy against the land. The fact that her father gave her a legacy imposed no personal duty upon the plaintiff. He can only be sued at law as terre-tenant, or upon a promise express or implied.

The portion of the judgment, therefore, in favor of the defendant, Hannah Coneys, against the plaintiff must be reversed, with costs.

Judgment modified in accordance with opinion of BARNARD, P. J. Order to be settled by Justice BARNARD.